## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DEWAYNE ANDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-1265-JWB-GEB** |
| | ) | |
| **WICHITA POLICE DEPARTMENT,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## RECOMMENDATION TO DENY AMENDMENT
## AND
## RECOMMENDATION OF DISMISSAL

This matter is before the Court on Plaintiff DeWayne Anderson's Amended Complaint (ECF No. 11) and recent Motion to Amend Complaint (ECF No. 12). On November 12, 2019, this Court ordered Plaintiff to amend his Complaint in a manner compliant with Fed. R. Civ. P. 8 or face recommendation of dismissal. (Order, ECF No. 9.) In response, Plaintiff timely filed an Amended Complaint (ECF No. 11). However, both his Amended Complaint and his proposed Second Amended Complaint still fail to comply with Rule 8 and provide any cognizable claim. Therefore, the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), issues the following report and recommendation that Plaintiff's Motion (**ECF No. 12**) be **DENIED** and this case be **DISMISSED**.

## I.    Background

On October 9, 2019, after review of Plaintiff Dewayne Anderson's Complaint (ECF No. 1) and Motion to Proceed Without Prepayment of Fees (ECF No. 3), this Court ordered Plaintiff to appear in person for a hearing to assist the Court in determining whether his claims should proceed. (Order, ECF No. 4.)  After two returned mailings (ECF Nos. 5, 8) and an unreturned phone call (*see* docket entries dated Oct. 25, 2019, and Nov. 5, 2019), the Court received a Notice of Change of Address which indicates Plaintiff is currently detained at the Sedgwick County Detention Facility. (Notice, ECF No. 7.)

Due to Plaintiff's incarceration, the undersigned issued a written order in lieu of the in-court discussion with Plaintiff.  In its Order, the Court granted the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) but instructed Plaintiff to amend the Complaint, outlining how the original Complaint (ECF No. 1) was deficient when applying the pleading requirements of Fed. R. Civ. P. 8.  (Order, ECF No. 9.)

In his Complaint, Plaintiff names five defendants and marks the box to claim the case arises due to violations of his civil or equal rights under 28 U.S.C. § 1343. But the Complaint suffers from multiple deficiencies. For example, on page 1 of his Complaint, Plaintiff names a Mark "Corman" as defendant, but on page 2, he names a Mark "Coleman." It is unclear if these defendants are the same person. Additionally, the way in which the addresses are written for each defendant makes it difficult to discern which address belongs with which named defendant.

The Complaint also does not supply enough facts or clearly state how each of the named defendants allegedly violated Plaintiff's rights, or what rights were violated. Plaintiff primarily provides a conclusory statement that one defendant was allegedly paying him to illegally dump some type of property; he complained to another defendant, and this resulted in some type of conspiracy to set Plaintiff up for unknown crimes. (ECF No. 1, at 3.) The absence of facts in Plaintiff's Complaint makes it impossible for any defendant to have fair notice of what is being alleged against it.

In its earlier Order, the Court specifically instructed Plaintiff to include the following in his amended pleading:

- clearly identify each defendant and his/her address (or last known address);

- specifically explain what each named defendant did to him by providing facts indicating how each defendant violated his rights;

- when each defendant violated his rights;

- how each defendant's action harmed him;

- what specific legal right Plaintiff believes each defendant violated; and[1]

- the specific types of relief Plaintiff seeks, including the amount of damages claimed and the reasons Plaintiff believes he is entitled to such damages.

(Order, ECF No. 9 at 6-7.)

## II.   Sufficiency of the Amended Complaint

As ordered, Plaintiff filed an Amended Complaint (ECF No. 11); however, as described below, the Court finds his amendment is equally deficient.

---

[1] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice* Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007).

## A.    Legal Standard

As stated above, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee.  However, the authority to proceed without payment of fees is not without limitation.  Under 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal of the case is required if the Court determines the action fails to state a claim upon which relief may be granted.

This Court reviews the sufficiency of the Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[3]  "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[4]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[5] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[6] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[7]  Fed. R. Civ. P. 8 "demands more than naked assertions."[8]

---

[2] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[3] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[4] *Kay*, 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[5] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[6] *Id*.
[7] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005)).
[8] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Ultimately, this Court must ascertain whether Plaintiff's claim provides the defendant with sufficient notice of his claims such that the defendant could prepare an appropriate answer.[9]  Under Rule 8(a), a complaint must contain three minimal pieces of information:  (1) the pleading should contain a short and plain statement of the claim showing that the plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the court's jurisdiction; and (3) a statement of the relief requested.

If a complaint is "too general," then it will not provide fair notice to defendants.[10]  Similarly, "allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[11]  To pass muster, a complaint requires more than "labels and conclusions."[12]  If the Court finds Plaintiff's Amended Complaint fails to meet these standards, even after construing the allegations liberally, the Court "is compelled to recommend that the action be dismissed."[13]

## B.    Discussion

After review of the Amended Complaint, this Court finds the document, on its face, likewise does not comply with the pleading requirements of Rule 8.  Plaintiff makes some effort to identify some named defendants, by noting he wishes to dismiss Tim

---

[9] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).

[10] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).

[11] *Id*. (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir. 1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[12] *Singleton v. Convergys Corp*., No. 16-2614-DDC-GLR, 2016 WL 11397820, at *2 (D. Kan. Sept. 21, 2016), *report and recommendation adopted*, No. 16-2614-DDC-GLR, 2016 WL 7030056 (D. Kan. Dec. 2, 2016) (quoting *Bell Atl. Corp*, 550 U.S. at 555).

[13] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8).

Corman from the case (ECF No. 11 at 1), and by listing partial addresses for other individuals (ECF No. 11 at 2). However, the precise defendants he wishes to name in this lawsuit is unclear and impossible to decipher. The possible defendants mentioned in the narrative throughout the pleading (Tim Kaufman, Randy Patterson, Jenn McGill, unnamed Wichita Police Department officers, Greg Hecox, Sylvia [Apartment Manager at Air Capital Rental], GVS Maintenance at Air Capitol Rentals, and John Doe "Process Server") differ significantly from the defendants named in the original Complaint.

Even if he had clearly identified the parties against whom his case is filed, his Amended Complaint still does not supply enough facts or clearly state how each of the named defendants allegedly violated his civil or Constitutional rights, aside from his conclusory statements. He seems to claim that his landlord, or some representative of his landlord, asked him to dump items left in vacated apartments in some illegal fashion. After he refused to continue dumping and reported the issue to his undescribed "case manager," it appears he faced eviction. Plaintiff then mentions a civil suit for which he believes he faced retaliation in the form of criminal charges. The relationships between his living arrangements/landlord, the Wichita Police Department, and Comcare of Sedgwick County are entirely unclear. (ECF No. 11.)

As in his initial Complaint, the absence of facts outlining what each named defendant did to violate his rights makes it impossible for any defendant to have fair

notice of what is being alleged against it.[14]  Furthermore, his lack of identification of each

defendant—even after clear instruction from this Court—makes it impossible for the

Court to achieve service under 28 U.S.C. § 1815(d).

Rule 8 does not require Plaintiff to state precisely each element of his claim or

describe every fact with specific detail, but it does require him to set forth sufficient

factual allegations on which a recognized legal claim could be based.[15]  Plaintiff's

opinions of what happened "are not sufficient when no facts are alleged by way of the

statement of the claim."[16]  Neither are labels or allegations of conclusions sufficient when

no facts are alleged.[17]

In conclusion, the absence of facts to plausibly support his claim makes it

impossible for Defendants to have fair notice of what is being alleged against them.[18]

The Court, as it is required to do, has construed Plaintiff's pleadings liberally,[19] and has

given Plaintiff two opportunities to submit his claims in an articulable fashion.  However,

Plaintiff's Amended Complaint still fails to allege facts supporting a cognizable claim.

Therefore, the Court **RECOMMENDS** dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) for

failure to state a claim upon which relief may be granted.[20]

---

[14] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[15] *Henderson*, 1997 WL 723432, at *2; *Hall*, 935 F.2d at 1110.

[16] *Id.* (quoting *Bryan*, 578 F.2d at 1321); *see also Swanson*, 750 F.2d at 813.

[17] *Id.*; *Singleton*, 2016 WL 11397820, at *2.

[18] *Weaver*, 1995 WL 783628, at *7, *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[19] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

[20] *See, e.g., El-Sattam v. Minnenger*, No. 95-4180-SAC, 1995 WL 783206 (D. Kan. Nov. 16, 1995) (dismissing complaint under Rule 8 for failure to allege facts supporting a recognized

The Court also notes this is one of five (5) civil cases filed by Plaintiff in this District—four of which were filed within three months of one another.[21] Two of his claims have been dismissed prior to any discovery occurring, and this Court is recommending dismissal of another by separate order.[22] In fact, the allegations contained in the instant case, and the defendants named, are substantially similar to the named defendants and apparent claims in another case filed by Plaintiff just three days prior to the filing of this case, in *Anderson v. Wilcox*, No. 19-1263-EFM-KGG.[23] In light of this, the undersigned also recommends to the District Court that filing restrictions be imposed against Dewayne Anderson. "The goal of fairly dispensing justice is compromised when the court is forced to devote limited resources to processing repetitious and frivolous" requests.[24]

---

claim for relief); *Ferris v. Fed. Law*, No. 97-4239-SAC, 1997 WL 833299 (D. Kan. Dec. 18, 1997) (same); *see also Weaver,* 1995 WL 783628, at *7 ("The court should dismiss *pro se* claims 'which are supported only by vague and conclusory allegations.'") (quoting *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992)).

[21] *See Anderson v. Bush*, No. 16-1376-JTM-GEB (D. Kan. filed Sept. 29, 2016, terminated Aug. 8, 2017 on defendants' motion to dismiss; decision affirmed in *Anderson v. Arnold*, 710 F. App'x 343 (10th Cir. 2018)); *Anderson v. Wilcox*, No. 19-1263-EFM-KGG (D. Kan. filed Sept. 27, 2019; terminated Nov. 26, 2019 after the district court upheld the magistrate judge's recommendation of dismissal); *Anderson v. Comcare of Sedgwick Co*., No. 19-1262-EFM-GEB (D. Kan. filed Sept. 27, 2019; pending); *Anderson v. Easter*, No. 19-3257-SAC (D. Kan. habeas proceeding filed Dec. 16, 2019).

[22] *See Anderson v. Comcare of Sedgwick Co.,* No. 19-1262-EFM-GEB (a recommendation of dismissal is being filed in this case by the undersigned U.S. Magistrate Judge.)

[23] *Anderson v. Wilcox*, No. 19-1263-EFM-KGG (D. Kan. filed Sept. 27, 2019, terminated Nov. 26, 2019 after the district court upheld the magistrate judge's recommendation of dismissal)

[24] *Punchard v. U.S. Gov't*, 290 F. App'x 160, 162 (10th Cir. 2008) (upholding the district court's imposition of filing restrictions) (quoting *In re Sindram*, 498 U.S. 177, 180 (1991)).

### III.    Motion to Amend Complaint (ECF No. 12)

Following the filing of his first Amended Complaint (ECF No. 11), Plaintiff submitted a document titled "Amended Complaint," which Plaintiff notes is "another motion to amend my complaint." (ECF No. 11 at ¶ 1.)  The undersigned U.S. Magistrate Judge recommends denying this motion on the basis of futility.

### A.    Legal Standard for Amendment

Fed. R. Civ. P. 15(a)(1) permits a party to amend his pleading once as a matter of course, either within 21 days after serving it or 21 days after a responsive pleading.  In this case, neither situation under Rule 15(a)(1) applies, as neither the Complaint nor Amended Complaint have been served, and no responsive pleadings have been filed. Because Plaintiff cannot amend as a matter of course under Rule 15(a)(1), without the opposing party's consent he may amend its pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[25]  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[26]

---

[25] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[26] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[27]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[28]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[29]  Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[30] should the court find the amendment futile.

## B.    Discussion

Because this case remains in its infancy and no defendants have been served, the Court finds no prejudice to defendants and no issues regarding timeliness.  However, the Court does find the amendment to be futile, and given the frequent filings by Plaintiff in recent months also questions whether the amendment is sought in good faith.

Plaintiff's proposed amendment seeks to add "two ladies from the BCIS office who does investigations for illegal dumping" because they refused to take a complaint

---

[27] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

[28] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

[29] *Carefusion 213*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[30] *Id.* (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

from Plaintiff regarding his landlord and had him escorted from the property by police. He also attempts to clarify the names and addresses of other apparent defendants, including four names of Wichita Police Department officers. (ECF No. 12.) However, none of the proposed amendments resolve the issues described above with Plaintiff's Amended Complaint. Even with all three pleadings taken together—Plaintiff's initial Complaint, Amended Complaint, and proposed Second Amended Complaint—the pleadings still fail to present a cognizable claim for relief. The absence of facts outlining what each named defendant did to violate Plaintiff's unnamed rights makes it impossible for any defendant to have fair notice of what is being alleged against it.

Therefore, the undersigned U.S. Magistrate Judge **RECOMMENDS** Plaintiff's Motion for Leave to Amend his Complaint (**ECF No. 12**) be **DENIED** as futile.

## IV. Conclusion

For the reasons described above,

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Amended Complaint (**ECF No. 11**) be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Leave to Amend his Complaint (**ECF No. 12**) be **DENIED.**

Furthermore, the undersigned also **RECOMMENDS** filing restrictions be imposed against Plaintiff Dewayne Anderson.

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R.

Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[31]

**IT IS FURTHER ORDERED** that no summons shall issue in this case until further order of the Court.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2020, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[31] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).